UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARLOW G. TOTTEN,

        Petitioner,

   v.                                Case No. 1:18-CV-2769-WCG-DLP

WARDEN,

        Respondent.

**ENTRY AND ORDER DISMISSING ACTION**

On September 7, 2018, Petitioner Marlow G. Totten, an inmate incarcerated at New Castle Correction Facility, filed this petition for a writ of habeas corpus challenging the handling of a disciplinary proceeding held on May 22, 2018. Totten was found guilty of sexual harassment. Totten seeks to have the report of conduct and finding of guilty be expunged from his record. The record shows that Totten was not sanctioned with any loss of good-time credit or demotion in credit class. Because Totten was not subject to a sanction affecting the duration of his incarceration, he does not satisfy the custody requirement of 28 U.S.C. § 2254. *Montgomery v. Anderson*, 262 F.3d 641, 643–44 (7th Cir. 2001). For the reasons stated below, the petition will be denied and this action dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Court.

Rule 4 provides that, upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A

federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). If a habeas petitioner has suffered the deprivation of a protected liberty interest the procedural protections delineated in *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), are applicable and the decision must be supported by "some evidence." *Superintend. Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

In order to proceed, Totten must meet the "in custody" requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 894 (2d Cir. 1996). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Montgomery*, 262 F.3d at 644–45.

Totten has not alleged that he received a custodial sanction and does not dispute that he was not sanctioned with any loss of good-time credit or demotion in credit class. When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Id.* at 644. Accordingly, there is no viable

due process claim asserted in Totten's petition. The petition is therefore **denied** and the action is **summarily dismissed** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Dated this   10th   day of September, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge[*]  
United States District Court - WIED

---

[*] Of the Eastern District of Wisconsin, sitting by designation.